IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHADRACK C. TOSA,

    Plaintiff,

v.                                                                                               No. 14-cv-0114 SMV

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 18] ("Motion"), filed on November 17, 2014. The Commissioner responded on February 12, 2015. [Doc. 26]. Plaintiff replied on March 6, 2015. [Doc. 27]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 22]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Motion is not well-taken and should be denied.

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116,

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on November 18, 2009. Tr. 17. Plaintiff alleged a disability-onset date of July 31, 2008. *Id*. His claims were denied initially and on reconsideration. *Id*. Plaintiff requested a hearing before an ALJ. *Id*. On November 10, 2011, a hearing was held before ALJ Ann Farris, in Albuquerque, New Mexico. Tr. 17, 34. Plaintiff appeared in person with his attorney. Tr. 34. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Thomas Grenier. Tr. 17, 34–60.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

The ALJ issued her unfavorable decision on December 2, 2011.  Tr. 17–28.  At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 19.  Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two.  *Id*.  There, she found that Plaintiff suffered from the following severe impairments: "post-traumatic arthritis of the right knee and left ankle; status post hammertoe correction; and diabetes mellitus, type II."  Tr. 19–21.  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 21–22.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 22–26.  The ALJ found that "[Plaintiff] has the [RFC] to perform less than a full range of sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a)[;] specifically he can stoop only to sit, and he cannot kneel, crouch or crawl."  Tr. 22.

At step four, the ALJ found that Plaintiff was unable to return to his past relevant work.  Tr. 26.  Therefore, she proceeded to step five.  Tr. 26–27.  Based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy.  *Id.*  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claims.  Tr. 27.  The Appeals Council denied Plaintiff's request for review on July 24, 2013.  Tr. 7−11.  With an extension of time from the Appeals Council to seek judicial review, Tr. 1, Plaintiff timely filed the instant action on February 9, 2014.  [Doc. 1].

**Analysis**

The Court finds no reversible error in the ALJ's evaluation of Dr. Atler's opinion, the RFC, or Plaintiff's credibility. Accordingly, the Motion will be denied.

1. Plaintiff fails to show error in the ALJ's evaluation of Dr. Atler's opinion.

Plaintiff argues that the ALJ erred in evaluating an opinion by Dr. Atler, a treating physician. [Doc. 18] at 13–15. In an exam note from October 10, 2011, Dr. Atler indicated that he did "not think [Plaintiff was] able to work at the present time." Tr. 406. The ALJ did "not give any weight to [the] opinion [because it was] inconsistent with the overall medical evidence." Tr. 25. Plaintiff argues that this analysis was legally deficient because the ALJ was required to apply the familiar treating physician analysis.[3] [Doc. 18] at 13–15 (citing *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). The Commissioner, however, contends that because the doctor's opinion was on an issue reserved to the Commissioner, i.e., the ultimate

---

[3] Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

    Treating physician opinions—in order to receive controlling weight—must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and must be weighed using the following six factors:
> (1) the length of the treatment relationship and the frequency of examination;
> (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c). However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

question of disability, the ALJ's evaluation of the opinion is sufficient.  [Doc. 26] at 14–15.  The Commissioner is correct.

Under the controlling regulations, the final responsibility for deciding the ultimate issue of whether a social security claimant is "disabled" or "unable to work" is reserved to the Commissioner.  20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) (internal quotation marks omitted).  Consequently, an ALJ is not bound by a treating physician's opinion on the ultimate issue of disability, *id.*, and such an opinion is never entitled to controlling weight or special significance, *see* Social Security Ruling ("SSR") 96-5p, 1996 SSR LEXIS 2, at *14–15, 1996 WL 374183, at *1, 2, 5.

> However, opinions from any medical source on issues reserved to the Commissioner must never be ignored.  The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner.  If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.

SSR 96-5p, 1996 SSR LEXIS 2 at *6, 1996 WL 374183, at *3; *see also id.*, 1996 SSR LEXIS 2 at *17, 1996 WL 374183, at *1 (stating that a social security decision "must explain the consideration given to a treating source's opinion(s)" on an issue reserved to the Commissioner).

Given this framework, Dr. Atler's opinion that Plaintiff was not "able to work at the present time," was not a "medical opinion" but, instead, was an opinion "on [an] issue[] reserved to the Commissioner."  *See* 20 C.F.R. §§ 404.1527(e), 416.927(e).  Therefore, the opinion was not entitled to controlling weight or any special significance, and the ALJ was not required to evaluate it under the treating physician rule.  Instead, under SSR 96-5p, the ALJ was required to

evaluate all the evidence in the case record to determine the extent to which the opinion was supported by the record.  She did so.  She expressly gave no weight to Dr. Atler's opinion that Plaintiff could not work.  Tr. 25.  She explained that the opinion was "inconsistent with the overall medical evidence."  Id.  Plaintiff fails to meet his burden before this Court to show that SSR 96-5p required anything more.

 2. <u>Plaintiff fails to show reversible error in the RFC assessment regarding leg elevation.</u>

Plaintiff argues that the medical evidence supports his testimony that he must elevate his legs.  [Doc. 18] at 16.  Thus, he argues that the ALJ erred by either failing to include in the RFC a requirement that Plaintiff elevate his legs, or by failing to explain why she omitted such limitation.  Id.  The Commissioner responds with citations to several records that make no mention of Plaintiff's having to elevate his legs.  [Doc. 26] at 16 (citing Tr. 385, 392, 395–402, 406-408).

Plaintiff is correct that two medical records do mention Plaintiff's elevating his feet.  Tr. 300, 426.  One is from a primary care appointment at Jemez Medical Center on August 19, 2009.  Tr. 299–300.  Plaintiff had complained of a "new onset [of] pain to [the right] ankle . . . ongoing [for one] month."  Tr. 299.  The doctor advised Plaintiff to elevate his right ankle.  Tr. 300.  The second reference is in the discharge instructions after Plaintiff's April 29, 2011 surgery on his left ankle.  Tr. 426.  Plaintiff was instructed to "elevate [his] left foot," apply an ice pack 30 minutes of every hour, and to follow up with Dr. Wrege.  Id.  Dr. Wrege's follow-up note, dated June 8, 2011, does not mention leg elevation.  Tr. 395.

Here, the ALJ addressed Plaintiff's testimony that he must elevate his legs.  Tr. 26.  However, she found that there was no such requirement in the medical records.  Id.  Plaintiff

correctly points out that there are references to leg elevation in two medical records. The Court acknowledges that these records *could* support a finding that Plaintiff must elevate his legs. However, the records are not so overwhelming as to require it. *See Lax v. Astrue*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."). The ALJ's reason for declining to include in the RFC any requirement to elevate the legs—which was that the medical records did not support such a requirement—is supported by substantial evidence.

### 3. Plaintiff fails to show error in the RFC assessment regarding stooping, bending, and climbing.

Plaintiff argues that the ALJ erred in failing to evaluate Dr. Atler's February 23, 2011 "Return to Work Authorization" pursuant to the treating-physician rule. *See* [Doc. 18] at 16–17. Dr. Atler limited Plaintiff to no more than 30 pounds of lifting below the shoulder, no bending or squatting, and no ladder- or pole-climbing. Tr. 392. Although it is not entirely clear, Plaintiff seems to believe that Dr. Atler's limitation to no bending should be equated with a limitation to no stooping. *See* [Doc. 18] at 17 ("Stooping is bending the body forward and downward."). This would matter because a complete inability to stoop would "significantly erode the unskilled sedentary occupational base and a finding [of] disabled would usually apply[.]" *Id.* (quoting SSR 96-9). The Court is not persuaded.

Plaintiff fails to show that Dr. Atler's February 23, 2011 opinion is inconsistent with the ALJ's RFC assessment. For example, Dr. Atler's limitations to lifting no more than 30 pounds below the shoulder and to no ladder- or pole-climbing is encompassed by the RFC's limitation to sedentary work. *See* SSR 96-9, 1996 SSR LEXIS 6, *8 ("[S]edentary work requires the ability to lift no more than 10 pounds[.]"); *id.* at *21 ("Postural limitations or restrictions related to such

8

activities as *climbing ladders, ropes, or scaffolds*,[4] balancing, kneeling, *crouching*,[5] or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work.") (emphases added).  Additionally, Dr. Atler's limitation to no bending is encompassed by the RFC's limitation to stooping only to sit.  Dr. Atler's opinion expressly does not limit sitting, even "prolonged sitting."  Tr. 392.  Therefore, the RFC's elimination of stooping except to sit is entirely consistent with Dr. Atler's opinion.  Because Plaintiff fails to show any discrepancy between Dr. Atler's February 23, 2011 opinion and the ALJ's RFC assessment, the ALJ's failure to perform an express treating-physician analysis is not reversible error.  *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) (rejecting the plaintiff's argument that the ALJ should have discussed the medical evidence because, *inter alia*, "none of the record medical evidence conflicts with the ALJ's conclusion that claimant can perform light work").

> 4.  <u>Plaintiff fails to show reversible error in the RFC assessment regarding the function-by-function analysis.</u>

Plaintiff complains of a "structural inadequacy of [the] RFC in general." [Doc. 18] at 17. He argues that the ALJ was required to first "define [his] ability to perform 'each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling.'" *Id.* (quoting SSR 96-8p).  Then, and only then, was the ALJ permitted to "express [the RFC] in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Id.* The Court is not persuaded that there is any reversible error.

---

[4] The Court finds no meaningful distinction between climbing "poles" (as reflected on Dr. Atler's form) and climbing "scaffolds" (as reflected in SSR 96-9).
[5] The Court finds no meaningful distinction between "squatting" (as reflected on Dr. Atler's form) and "crouching" (as reflected in SSR 96-9).

Sedentary work involves mostly sitting, with occasional standing and walking, and the ability to lift up to ten pounds.  20 C.F.R. §§ 404.1567(a), 416.967(a).  SSR 96-9p further clarifies:

> The ability to perform the full range of sedentary work requires the ability to lift no more than 10 pounds at a time and occasionally to lift or carry articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  "Occasionally" means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday.  Sitting would generally total about 6 hours of an 8-hour workday.  Unskilled sedentary work also involves other activities, classified as "nonexertional," such as capacities for seeing, manipulation, and understanding, remembering, and carrying out simple instructions.

SSR 96-9p, 1996 SSR LEXIS 6, at *8–9.  Plaintiff argues that the "structure" of the ALJ's decision is erroneous because specific findings on each of the strength demands were strictly required and, without them, reversal is required.  The Court does not agree.  *See Hendron v. Colvin*, 767 F.3d 951, 956 (10th Cir. 2014) (rejecting the plaintiff's argument that the RFC was not "in the proper form" because it did not include an express function-by-function analysis even though it was clear that the ALJ had found the plaintiff capable of performing all of the exertional demands of sedentary work) (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal.  In conducting our review, we should, indeed must, exercise common sense. . . . [W]e cannot insist on technical perfection.")); *see also Jimison v. Colvin*, 513 F. App'x 789, 792–93 (10th Cir. 2013) ("But [the plaintiff] has not

10

directed us to, nor can we locate, any findings in the medical records regarding limitations on [her] lifting capacity.  Absent such record support that [the plaintiff] could not lift 10 pounds at a time, we will not find reversible error in the ALJ's failure to [make express findings function by function] beyond stating that she could perform sedentary work.").  Here, Plaintiff does not allege that he is unable to complete the strength demands of sedentary work.  *See* [Doc. 18] at 17–18; [Doc. 27] at 6.  Nor does he point to any medical evidence that tends to show that his ability to sit, stand, walk, lift, carry, push, or pull is inconsistent with sedentary work.  *See* [Doc. 18] at 17–18; [Doc. 27] at 6.  It is clear that the ALJ found Plaintiff capable of performing all of the strength demands of sedentary work.  *See* Tr. 22–26.  Under these circumstances, the dictates of SSR 96-8p are adequately satisfied, and remand is not required.

     5.  <u>Plaintiff fails to show reversible error in the credibility determination.</u>

Plaintiff challenges the ALJ's credibility findings.  [Doc. 18] at 18–22.  He lists evidence that he believes undercuts her findings.  *Id.* at 19 (citing Tr. 179, 184–85, 223–25).  He complains that she did not "discuss" this evidence or his preferred weighing of it.  *Id.*  He further argues that there is not substantial evidence to support her finding that Plaintiff "made inconsistent statements regarding matters relevant to the issue of disability[,]" or that Plaintiff's reported symptoms were not consistent with the medical evidence.  *Id.* at 20 (quoting Tr. 25).  Lastly, he complains that the ALJ impermissibly "play[ed] doctor" when she found that Plaintiff's diabetes symptoms would be controlled if he were compliant with his diabetes medications.  *Id.* at 21 (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) and citing Tr. 25).  The Court is not persuaded that the ALJ committed reversible error in assessing Plaintiff's credibility.

11

The district court may not re-weigh the evidence and may only review an ALJ's decision to ensure that he applied the correct legal standard and that his findings are supported by substantial evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). "Credibility determinations are peculiarly the province of the finder of fact, and [courts] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks omitted). Boilerplate language, however, is insufficient. *Id.* Instead, "it is well settled that [ALJs] must give reasons for their decisions." *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988). Although ALJs do not have to discuss "every piece of evidence," *Clifton*, 79 F.3d at 1010, their "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler*, 68 F.3d at 391 (internal quotation marks and brackets omitted).

The Tenth Circuit Court of Appeals does not "reduce[] credibility evaluations to formulaic expressions [nor] require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (quoting *Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000)). Finally, where pain is the subject of the credibility dispute, the ALJ should consider such factors as:

> [1] the levels of medication and their effectiveness, [2] the extensiveness of the attempts (medical or nonmedical) to obtain relief, [3] the frequency of medical contacts, [4] the nature of daily activities, [5] subjective measures of credibility that are peculiarly within the judgment of the ALJ, [6] the motivation of and relationship between the claimant and the other witnesses, and [7] the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993) (quoting *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991)).

Here, some of the ALJ's credibility findings are not supported by substantial evidence, but others are. Plaintiff's point is well-taken as to the unsupported findings. Nevertheless, the other findings—which are supported by substantial evidence—are sufficient to uphold the ALJ's credibility determination. Overall, the Court finds that the ALJ adequately evaluated Plaintiff's credibility and sufficiently linked her credibility determination to substantial evidence. *See* Tr. 21−26.

The ALJ indicated that she had considered all of Plaintiff's alleged symptoms, Tr. 22, and then went on to describe those symptoms, Tr. 21–26. Ultimately, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms. Tr. 23. However, she also found that his statements regarding the intensity, persistence, and limiting effects of the symptoms were not credible to the extent that they were inconsistent with the RFC. *Id.* The ALJ then elaborated on these findings, some of which lack substantial evidentiary support, and others of which do not. Tr. 21, 23–26.

For example, The ALJ found that Plaintiff had made "inconsistent statements regarding matters relevant to the issue of disability." Tr. 25. Plaintiff argues that the portions of the record cited by the ALJ do not support this finding. [Doc. 18] at 20. The Court agrees. The ALJ does not provide any examples of Plaintiff's inconsistent statements regarding his symptoms. *See* Tr. 17–28. Further, the ALJ indicated that "[t]he record does not contain any opinions from treating . . . physicians indicating that [Plaintiff] is disabled." Tr. 26. However, Dr. Atler did opine that Plaintiff was unable to work. Tr. 406. Finally, the ALJ found that "there [was] no

evidence to support [Plaintiff's] claimed need to elevate his legs due to his medical problems, there is no mention of this in the medical record." Tr. 26. Of course, as discussed above, there are records that mention leg elevation. Tr. 300, 426. Accordingly, these reasons for the ALJ's credibility determination are not supported by substantial evidence.

Nevertheless, other reasons are supported by substantial evidence. For example, the ALJ explained that Plaintiff's daily activities[6] were not consistent with his reported symptoms (which corresponds to the fourth *Thompson* factor). Tr. 21, 25. She further found that Plaintiff had not been consistently compliant with his diabetes medication (which corresponds to the second *Thompson* factor). Tr. 25 (citing Tr. 297, 377, 379). Finally, she found that some of Plaintiff's statements had been inconsistent with the evidence of record (which corresponds to the fourth and seventh *Thompson* factors). Tr. 25 (citing Tr. 166 (field office interviewer's noting many areas in which the interviewer observed that Plaintiff had no difficulties), Tr. 332 (Plaintiff's report to Dr. Ortiz that he was doing work remodeling); Tr. 41 (Plaintiff's testimony that he helps his wife with her pottery business by scraping pots)). All of these reasons are supported by substantial evidence.

The Court rejects—as it must—Plaintiff's invitation to reweigh the evidence. *See* [Doc. 18] at 19–20. Despite its flaws, the ALJ's evaluation of Plaintiff's credibility passes muster. Sufficient reasons for the evaluation are closely and affirmatively linked to substantial evidence. This Court will not disturb the determination. Remand on this ground is not warranted.

---

[6] The ALJ described these daily activities as self-care, some shopping with rest breaks, cooking, cleaning, assisting his wife with her pottery by scraping pots, doing laundry and household repairs, driving, using public transportation, paying bills, counting change, visiting with others daily, watching his children play ball, walking short distances, reaching, handling, grasping, lifting up to 50 pounds, and standing for 30 minutes. Tr. 21, 25.

**Conclusion**

Because Plaintiff fails to meet his burden before this Court to show either that the ALJ applied an incorrect legal standard or that her decision was not supported by substantial evidence, the Commissioner's final decision should be affirmed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 18] is **DENIED**. The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**